**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGELA SPANIAL, | ) | |
| Plaintiff | ) | Civil Action |
| | ) | |
| v. | ) | |
| | ) | No. _____ |
| CITY OF HAZLETON, | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, Angela Spanial, by her attorneys, Broughal & DeVito, L.L.P., files this cause of action against Defendant, City of Hazleton.

**NATURE OF THE ACTION**

1.     This is a civil action under the Americans With Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"), as well as claims under the Pennsylvania Human Relations Act.

**JURISDICTION AND VENUE**

2.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, the ADA, the ADEA and Title VII.

3.     This Court is a proper venue pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district for venue purposes, and § 1391(b)(2) because a substantial amount of the events giving rise to this action occurred in this district.

1

## PROCEDURAL PREREQUISITES

4.      Plaintiff Spanial dual-filed a Charge of Discrimination, No. 530-2022-03500, with the United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on March 29, 2022.

5.      On July 14, 2022, the EEOC issued a right to sue letter; this Complaint is filed within ninety (90) day of that Notice.

## PARTIES

6.      Plaintiff Angela Spanial lives at 15 East Monroe Street, Mcadoo, PA 18237.

7.      Defendant, City of Hazleton maintains a principal address of 40 N. Church Street, Hazleton, PA 18201.

## FACTS

8.      Plaintiff Spanial is an adult female who was born on October 2, 1963.

9.      Plaintiff Spanial was in protected classes because of her gender and age.

10.      Plaintiff Spanial suffers from hypertension, osteoarthritis, diabetes, COPD and Severe Iron-Deficiency Anemia, of which Defendant City of Hazleton is aware.

11.      Plaintiff Spanial's hypertension, osteoarthritis, diabetes, COPD and Severe Iron-Deficiency Anemia impacts major life functions including, but not limited to, walking, anxiety-related issues, and digestive problems.

12.      Plaintiff Spanial was hired by City of Hazleton on June 11, 2012, as a Payroll Specialist.

13.     During Plaintiff Spanial's employment with Respondent City of Hazleton, she was

subjected to discriminatory conduct, harassment and retaliation as follows:

(a)     Jeff Cusat, Mayor of Defendant City of Hazleton, would walk by Plaintiff
Spanial and make comments about her "inability to handle the pressure," was a direct reference to
medical problems;

(b)     Plaintiff Spanial requested a reasonable accommodation to have a buzzer
on her desk to remotely open her office door so she did not have to get up every time someone
entered to let them in.  City of Hazleton denied this reasonable accommodation request.

(c)     From the date he was hired in April 2018 through Plaintiff Spanial's
termination, Director of Administration for Defendant City of Hazleton, Dan Lynch, ("Director
Lynch') would regularly and repeatedly make age-based comments in the workplace including,
but not limited to, stating that Defendant City of Hazleton wanted to hire much younger employees
as they can learn everything and make a career at Defendant City of Hazleton as opposed to hiring
an older woman;

(d)     Director Lynch would bark orders at Plaintiff Spanial, which was different
than the calm, polite way he spoke to younger female employees and male employees;

(e)     Director Lynch posted Plaintiff Spanial's position online, despite the fact
that Plaintiff Spanial was still employed by Defendant City of Hazleton;

(f)     Defendant City of Hazleton hired women in their late 20's and 30's for
administrative positions and the position of Director of Human Resources, while terminating older
employees like Plaintiff Spanial;

(g)     Defendant City of Hazleton requested Plaintiff Spanial to do Human
Resource work for which it did not pay Plaintiff Spanial any additional wages even though the
work was not part of her job duties as a Payroll Specialist.  Younger employees are not and were
not required to do job duties of other positions;

(h)     Younger employees were taken out to public and political events and
dinners by representatives of Defendant City of Hazleton while Plaintiff Spanial was never offered
to be taken out to these events or dinners;

(i)     Defendant City of Hazleton paid male employees in comparable positions
to Plaintiff Spanial higher salaries than female employees and awarded males frequent promotions
and bonuses, which they did not offer to female employees in comparable positions;

(j)     On or about September 17, 2021, Director Lynch spoke with Plaintiff
Spanial on the phone, raised his voice to her and ordered her to perform pension reporting work,

which is Human Resources work.  Plaintiff Spanial attempted to explain this and in response Director Lynch screamed at her.  Plaintiff Spanial said "you can't talk to me like this.  I'm 57 years old."  In response, Director Lynch said "we are sick of you playing the age card.  This is reverse discrimination."

(k)     Shortly thereafter on October 1, 2021, Defendant City of Hazleton fired Plaintiff Spanial.

14.     Plaintiff Spanial complained about the discrimination on repeated occasions including:

(a)     Filing a previous Charge of Discrimination on May 26, 2020;

(b)     Sending numerous e-mails to the Administration of Defendant City of Hazleton;

(c)     Sending a handwritten note directly to the Director of Administration; and

(d)     Sending a claim to the Human Resources concerning the unfairness of her work situation.

15.     In response to Plaintiff Spanial's complaints, Director of Administration Lynch would act even worse towards Plaintiff Spaniel and when she did not quit and attempted to defend herself, Defendant City of Hazleton fired her on October 1, 2021.

## COUNT I
## VIOLATION OF ADA

16.     Plaintiff Spanial incorporates by reference Paragraphs 1 through 15 of this Complaint as if those paragraphs are set forth fully here.

17.     Plaintiff Spanial has disabilities under the ADA.

18.     Defendant was aware of Plaintiff Spanial's disabilities.

19.     Plaintiff Spanial was qualified for her positions as a Payroll Specialist as she had worked in that capacity for Defendant City of Hazleton for over nine years.

20.     Defendant City of Hazleton's conduct included failing to grant her request for an accommodation and terminating Plaintiff Spanial on the basis of her disabilities.

21.     Defendant City of Hazleton's actions were intentional and conducted with malice and reckless indifference to Plaintiff Spanial's rights.

22.     Other employees, who did not have disabilities, were not terminated.

23.     Defendant City of Hazleton's conduct is discriminatory and in violation of the American's With Disabilities Act.

WHEREFORE, Plaintiff Angela Spanial requests this Honorable Court enter judgment against Defendant City of Hazleton with an award as follows:

- Back pay in an amount to be determined at trial;

- Front pay in an amount to be determined at trial;

- Compensatory damages for Plaintiff Spanial's non-economic damages including, but not limited to, pain and suffering, emotional distress and damage to her professional reputation in an amount to be determined at trial;

- Punitive damages in an amount to be determined at trial;

- Attorney fees and costs;

- Reinstatement; and

- Any other relief this Honorable Court deems necessary and just.

## COUNT II
## HARASSMENT ON THE BASIS OF DISABILITIY UNDER TITLE VII

24.     Plaintiff Spanial incorporates by reference Paragraphs 1 through of 23 of this Complaint as if those paragraphs are set forth fully here.

25.     Defendant City of Hazleton is responsible for the actions of its administrators.

26.     Plaintiff Spanial was subjected to a hostile work environment rife with disability-based comments, discrimination, failure to grant a reasonable accommodation request and retaliation by Defendant City of Hazleton's administration.

27.     The disability-based harassment was continuous, pervasive, and regular throughout Plaintiff Spanial's employment.

28.     Plaintiff Spanial made multiple complaints to Administration and Human Resources about Director Lynch's harassing conduct towards her, as well as the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission because of her disability, to no avail.

29.     By failing to investigate Plaintiff Spanial's claims or to discipline Director Lynch, Defendant City of Hazleton permitted Director Lynch's harassing conduct towards Plaintiff Spanial to continue.

30.     Plaintiff Spanial suffered this disability-based harassment because she has disabilities under the ADA.

31.     The disability-based harassment exhibited by Director Lynch and Jeff Cusat, the Mayor of Defendant City of Hazleton, which created a hostile work environment, affected Plaintiff Spanial's ability to adequately perform her job.

32.     The disability-based harassment, which was severe and pervasive, would detrimentally affect a reasonable person in the same position.

WHEREFORE, Plaintiff Angela Spanial requests this Honorable Court enter judgment against Defendant City of Hazleton with an award as follows:

- Back pay in an amount to be determined at trial;

- Front pay in an amount to be determined at trial;

- Compensatory damages for Plaintiff Spanial's non-economic damages including, but not limited to, pain and suffering, emotional distress and damage to her professional reputation in an amount to be determined at trial;

- Punitive damages in an amount to be determined at trial;

- Attorney fees and costs;

- Reinstatement; and

- Any other relief this Honorable Court deems necessary and just.

## **COUNT III**
## **VIOLATION OF THE ADEA**

33.     Plaintiff Spanial incorporates by reference Paragraphs 1 through 32 of this Complaint as if those paragraphs are set forth fully here.

34.     Plaintiff Spanial is over 40 years old.

35.     Plaintiff Spanial was qualified for her position.

36.     Defendant City of Hazleton discriminated against Plaintiff Spanial by treating her differently than other substantially younger employees.

37.     Defendant City of Hazleton discriminated against Plaintiff Spanial based on her age by terminating her for allegedly violating Defendant City of Hazleton policies while substantially younger employees were not terminated.

7

38.     Plaintiff Spanial was terminated because of her age, and Defendant City of Hazleton's alleged reason for terminating her employment were pretextual.

39.     Defendant City of Hazleton willfully discriminated against Plaintiff Spanial in violation of the ADEA.

WHEREFORE, Plaintiff Spanial requests this Honorable Court enter judgment in her favor and against Defendant City of Hazleton with an award as follows:

- Back pay in an amount to be determined at trial;

- Reinstatement, or in the alternative, frontpay in an amount to be determined at trial;

- Punitive damages in an amount to be determined at trial;

- Attorney fees and costs; and

- Any other relief this Honorable Court deems appropriate.

## COUNT IV
## HARASSMENT ON THE BASIS OF AGE UNDER TITLE VII

40.     Plaintiff Spanial incorporates by reference Paragraphs 1 through of 39 of this Complaint as if those paragraphs are set forth fully here.

41.     Defendant City of Hazleton is responsible for the actions of its administrators.

42.     Plaintiff Spanial was subjected to a hostile work environment rife with age-based comments about hiring younger employees, Defendant's hiring of younger employees for administrative positions, terminating older employees, not being treated or spoken to in the calm, polite manner that younger employees were spoken to, Defendant's taking younger employees out to public and political events and dinners while Plaintiff Spanial was never offered to be taken out to these public and political events or dinners; being told by Director Lynch that "we

8

are sick of you playing the age card.  This is reverse discrimination," discrimination, and retaliation by Defendant City of Hazleton's administration.

43.     The age-based harassment was continuous, pervasive, and regular throughout Plaintiff Spanial's employment.

44.     Plaintiff Spanial made multiple complaints to Administration and Human Resources about Director Lynch's harassing conduct towards her, as well as the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission because of her disability, to no avail.

45.     By failing to investigate Plaintiff Spanial's claims or to discipline Director Lynch, Defendant City of Hazleton permitted Director Lynch's harassing conduct towards Plaintiff Spanial to continue.

46.     Plaintiff Spanial suffered this age-based harassment because she is over 40 years old.

47.     The age-based harassment exhibited by Director Lynch, which created a hostile work environment, affected Plaintiff Spanial's ability to adequately perform her job.

48.     The age-based harassment, which was severe and pervasive, would detrimentally affect a reasonable person in the same position.

WHEREFORE, Plaintiff Angela Spanial requests this Honorable Court enter judgment against Defendant City of Hazleton with an award as follows:

- Back pay in an amount to be determined at trial;

- Front pay in an amount to be determined at trial;

- Compensatory damages for Plaintiff Spanial's non-economic damages including, but not limited to, pain and suffering, emotional distress and damage to her professional reputation in an amount to be determined at trial;

- Punitive damages in an amount to be determined at trial;

- Attorney fees and costs;

- Reinstatement; and

- Any other relief this Honorable Court deems necessary and just.

## COUNT V
## SEX DISCRIMINATION UNDER TITLE VII

49.     Plaintiff Spanial incorporates by reference paragraph 1 through 48 of this Complaint as if those paragraphs are set forth fully here.

50.     Plaintiff Spanial is protected from sex-based discrimination under Title VII because she is a female.

51.     Plaintiff Spanial was qualified for her position at Defendant City of Hazleton.

52.     Defendant City of Hazleton allowed Director Lynch to treat Plaintiff Spanial different than male employees.

53.     Defendant City of Hazleton allowed Director Lynch's conduct to permeate Plaintiff Spanial's work environment.

54.     Director Lynch's comments and treatment towards Plaintiff Spanial, as her supervisor, created an intimidating and offensive work environment for Plaintiff Spanial that impacted her work performance.

55.     Despite being notified of Director Lynch's conduct, Defendant City of Hazleton failed to discipline Director Lynch for his comments and disparate treatment of Plaintiff Spanial.

56.     Defendant City of Hazleton then terminated Plaintiff Spanial's employment because she was female.

57.     Defendant City of Hazleton's actions were intentional.

58.     Defendant City of Hazleton violated Plaintiff Spanial's rights under Title VII by subjecting her to discriminatory treatment and a hostile work environment because she is female.

59.     Plaintiff Spanial suffered damages as a result of the discriminatory actions of Defendant City of Hazleton.

WHEREFORE, Plaintiff Angela Spanial respectfully requests this Honorable Court enter judgment in her favor and against Defendant City of Hazleton with an award as follows:

- Backpay, in an amount to be determined at trial;

- Reinstatement or, in the alternative, front pay in an amount to be determined at trial;

- Compensatory damages, including for emotional harm and mental anguish and suffering, in an amount to be determined at trial;

- Punitive damages in an amount to be determined at trial;

- Attorney fees and costs; and

- Any other relief this Honorable Court deems necessary and just.

## COUNT VI
## SEX-BASED HARASSMENT UNDER TITLE VII

60.     Plaintiff incorporates by reference paragraph 1 through 59 of this Complaint as if those paragraphs are set forth fully here.

61.     Director of Administrator Lynch would bark orders at Plaintiff Spanial, which was different than the way he spoke to male employees.

62.     Plaintiff City of Hazleton pays its male employees higher salaries than comparably situated female employees and awards male employees frequent promotions and bonuses, which they do not award to comparably situated female employees.

63.     Defendant City of Hazleton failed to discipline Director of Administration Lynch for his conduct towards Plaintiff Spanial.

64.     Defendant City of Hazleton's actions were intentional.

65.     Defendant City of Hazleton violated Plaintiff Spanial's rights under Title VII by subjecting her to gender-based harassment, which created a hostile work environment.

66.     Plaintiff Spanial suffered damages as a result of the gender-based harassment of Director of Administration Lynch and the intentional failure of Defendant City of Hazleton to investigate and discipline Director Lynch.

WHEREFORE, Plaintiff Angela Spanial respectfully requests this Honorable Court enter judgment in her favor and against Defendant City of Hazleton with an award as follows:

- Backpay, in an amount to be determined at trial;

- Reinstatement or, in the alternative, front pay in an amount to be determined at trial;

- Compensatory damages, including for emotional harm and mental anguish and suffering, in an amount to be determined at trial;

- Punitive damages in an amount to be determined at trial;

- Attorney fees and costs; and

- Any other relief this Honorable Court deems necessary and just.

**COUNT VII**
**RETALIATION UNDER TITLE VII**

67.     Plaintiff incorporates by reference paragraph 1 through 66 of this Complaint as if those paragraphs are set forth fully here.

68.     Plaintiff Spanial engaged in statutorily-protected conduct by informing Human Resources and Administration about Director of Administration Lynch's conduct towards her, as well as the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission.

69.     Defendant City of Hazleton's conduct in failing to investigate Plaintiff Spanial's allegations constitutes retaliation.

70.     Defendant City of Hazleton's non-response to Plaintiff Spanial's repeated complaints about discrimination constitutes retaliation.

71.     Defendant City of Hazleton's response of terminating Plaintiff Spanial's employment after she complained of discriminatory conduct to Human Resources and Administration constitutes retaliation.

72.     Defendant City of Hazleton's decision to contest Plaintiff Spanial's unemployment claim without a good faith basis constitutes retaliation.

73.     Defendant City of Hazleton's retaliation towards Plaintiff Spanial was intentional.

WHEREFORE, Plaintiff Angela Spanial respectfully requests this Honorable Court enter judgment in her favor and against Defendant City of Hazleton with an award as follows:

- Backpay, in an amount to be determined at trial;

- Reinstatement or, in the alternative, front pay in an amount to be determined at trial;

- Compensatory damages, including for emotional harm and mental anguish and suffering, in an amount to be determined at trial;

- Punitive damages in an amount to be determined at trial;

- Attorney fees and costs; and

- Any other relief this Honorable Court deems necessary and just.

## COUNT VIII
## VIOLATION OF PHRA

74.     Plaintiff Angela Spanial incorporates by reference Paragraphs 1 through 73 of this Complaint as if those paragraphs are set forth fully here.

75.     The above violations of Plaintiff Spanial's rights under the ADEA, the ADA, Title VII and Title V are also violations under the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff Angela Spanial requests this Honorable Court enter judgment in her favor and against Defendant City of Hazleton with an award as follows:

- Back pay in an amount to be determined at trial;

- Reinstatement, or in the alternative, frontpay in an amount to be determined at trial;

- Punitive damages in an amount to be determined at trial;

- Attorney fees and costs; and

- Any other relief this Honorable Court deems appropriate.

14

## JURY TRIAL DEMAND

76.     Plaintiff Angela Spanial demands a trial by jury on all claims and issues which

can be tried before a jury.

**BROUGHAL & DEVITO, L.L.P.**


Date: _____10/11/2022_____          BY:     _____s/John S. Harrison, Esquire_____
                                            **John S. Harrison, Esquire**
                                            Attorney I.D. # 53864
                                            **Erika A. Farkas, Esquire**
                                            Attorney I.D. # 313686
                                            38 W. Market Street
                                            Bethlehem, PA 18018
                                            Telephone No: (610) 865-3664
                                            Facsimile No:  (610) 865-0969
                                            johnharrison@broughal-devito.com
                                            erikafarkas@broughal-devito.com
                                            *Attorneys for Plaintiff*